# UNITED STATES DISTRICT COURT

for the

Eastern District of California



**FILED**

**Jun 30, 2020**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of | ) |
|---|---|
| INFORMATION ASSOCIATED WITH TWITTER ACCOUNT VST09361525 THAT IS STORED AT PREMISES CONTROLLED BY TWITTER | )<br>)<br>)<br>)<br>)<br>) |

Case No.   2:20-sw-0590 CKD

# SEALED

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(2), 2252(a)(1) & (2) | Distribution, Receipt and Attempted Receipt of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Orcina Pacheco-Garcia , Special Agent, FBI
*Printed name and title*

Sworn to before me and telephonicallysigned in my presence. Date: June 30, 2020 at 1:41 pm

_____
*Judge's signature*

City and state:   Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

MᴄGREGOR W. SCOTT
United States Attorney
ROGER YANG
Assistant United States Attorney

501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900


Attorneys for Plaintiff
United States of America


## IN THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br><br>INFORMATION ASSOCIATED WITH TWITTER ACCOUNT: VST09361525 THAT IS STORED AT PREMISES CONTROLLED BY TWITTER | *CASE NO.*<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT<br><br><br>**FILED UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Orcina Pacheco-Garcia, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain Twitter account that is stored at premises owned, maintained, controlled, or operated by Twitter, a social-networking company headquartered in San Francisco, CA. The information to be searched is described in the following paragraphs and

in Attachment A. This affidavit is made in support of an application for a search warrant under

18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Twitter to disclose to the

government records and other information in its possession, pertaining to the subscriber or

customer associated with the Twitter account.

   2.  I am a Special Agent with the Federal Bureau of Investigation and have been

since March 2019.  I have worked for the Federal Bureau of Investigation in other capacities

since September 2017.  I am currently assigned to the Sacramento Division.  While employed by

the FBI, I have investigated federal criminal violations related to, among other things, the

exploitation of children and human trafficking.  I have gained experience through training at the

FBI Academy as well as by conducting these types of investigations.  As part of my daily duties,

I investigate criminal violations relating to child exploitation and child pornography, including

violations pertaining to the illegal distribution, receipt, and possession of child pornography, in

violation of 18 U.S.C. §§ 2252, and 2252A.   Moreover, I am a federal law enforcement officer

who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2252, and 2252A and I

am authorized by the Attorney General to request a search warrant.

   3.  The FBI is currently investigating the possession, receipt, and distribution of child

pornography through the Internet, and specifically Twitter.  Based on my training and experience

and the facts set forth in this Affidavit, there is probable cause to believe that violations of (i)

Title 18, United States Code, Sections 2252(a)(2) and 2252A(a)(1)&(2) (Distribution of Child

Pornography); (ii) Title 18, United States Code, Section 2252(a)(4)(B) (Possession of Child

Pornography); and (iii) Title 18, United States Code, Sections 2252(a)(2)  (Receipt of Child

Pornography and Attempted Receipt of Child Pornography) have been committed.  There is also

probable cause to search the information described in Attachment A for evidence,

instrumentalities, contraband or fruits of these crimes further described in Attachment B.

4.      The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set

forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit,

there is probable cause to believe that violations of (i) Title 18, United States Code, Sections

2252(a)(2) and 2252A(a)(1)&(2) (Distribution of Child Pornography); (ii) Title 18, United States

Code, Section 2252(a)(4)(B) (Possession of Child Pornography); and (iii) Title 18, United States

Code, Sections 2252(a)(2)  (Receipt of Child Pornography and Attempted Receipt of Child

Pornography) have been committed.  I believe that there is probable cause to believe that

evidence, fruits, instrumentalities of these offenses will be found in the account described in

Attachment A, as set forth in Attachment B.

## JURISDICTION

6.      This Court has jurisdiction to issue the requested warrant because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has

jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).

## Background on Twitter

7.      Twitter owns and operates a free-access social-networking website of the same

name that can be accessed at http://www.twitter.com. Twitter allows its users to create their own

profile pages, which can include a short biography, a photo of themselves, and location

information. Twitter also permits users create and read 140-character messages called "Tweets," and to restrict their "Tweets" to individuals whom they approve. These features are described in more detail below.

8.      Upon creating a Twitter account, a Twitter user must create a unique Twitter username and an account password, and the user may also select a different name of 20 characters or fewer to identify his or her Twitter account. The Twitter user may also change this username, password, and name without having to open a new Twitter account.

9.      Twitter asks users to provide basic identity and contact information, either during the registration process or thereafter. This information may include the user's full name, e-mail addresses, physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, and other personal identifiers. For each user, Twitter may retain information about the date and time at which the user's profile was created, the date and time at which the account was created, and the Internet Protocol ("IP") address at the time of sign-up. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access a given Twitter account.

10.     A Twitter user can post a personal photograph or image (also known as an "avatar") to his or her profile, and can also change the profile background or theme for his or her account page. In addition, Twitter users can post "bios" of 160 characters or fewer to their profile pages.

11.     Twitter also keeps IP logs for each user. These logs contain information about the user's logins to Twitter including, for each access, the IP address assigned to the user and the date stamp at the time the user accessed his or her profile.

4

12.     As discussed above, Twitter users can use their Twitter accounts to post "Tweets" of 140 characters or fewer. Each Tweet includes a timestamp that displays when the Tweet was posted to Twitter. Twitter users can also "favorite," "retweet," or reply to the Tweets of other users. In addition, when a Tweet includes a Twitter username, often preceded by the @ sign, Twitter designates that Tweet a "mention" of the identified user. In the "Connect" tab for each account, Twitter provides the user with a list of other users who have "favorited" or "retweeted" the user's own Tweets, as well as a list of all Tweets that include the user's username (*i.e.*, a list of all "mentions" and "replies" for that username).

13.     Twitter users can include photographs or images in their Tweets. Each Twitter account also is provided a user gallery that includes images that the user has shared on Twitter, including images uploaded by other services.

14.     Twitter users can also opt to include location data in their Tweets, which will reveal the users' locations at the time they post each Tweet. This "Tweet With Location" function is off by default, so Twitter users must opt in to the service. In addition, Twitter users may delete their past location data.

15.     When Twitter users want to post a Tweet that includes a link to a website, they can use Twitter's link service, which converts the longer website link into a shortened link that begins with http://t.co. This link service measures how many times a link has been clicked.

16.     A Twitter user can "follow" other Twitter users, which means subscribing to those users' Tweets and site updates. Each user profile page includes a list of the people who are following that user (*i.e.*, the user's "followers" list) and a list of people whom that user follows (*i.e.*, the user's "following" list). Twitters users can "unfollow" users whom they previously followed, and they can also adjust the privacy settings for their profile so that their Tweets are

5

visible only to the people whom they approve, rather than to the public (which is the default setting). A Twitter user can also group other Twitter users into "lists" that display on the right side of the user's home page on Twitter. Twitter also provides users with a list of "Who to Follow," which includes a few recommendations of Twitter accounts that the user may find interesting, based on the types of accounts that the user is already following and who those people follow.

17.     In addition to posting Tweets, a Twitter user can also send Direct Messages (DMs) to one of his or her followers. These messages are typically visible only to the sender and the recipient, and both the sender and the recipient have the power to delete the message from the inboxes of both users. As of January 2012, Twitter displayed only the last 100 DMs for a particular user, but older DMs are stored on Twitter's database.

18.     Twitter users can configure the settings for their Twitter accounts in numerous ways. For example, a Twitter user can configure his or her Twitter account to send updates to the user's mobile phone, and the user can also set up a "sleep time" during which Twitter updates will not be sent to the user's phone.

19.     Twitter includes a search function that enables its users to search all public Tweets for keywords, usernames, or subject, among other things. A Twitter user may save up to 25 past searches.

20.     Twitter users can connect their Twitter accounts to third-party websites and applications, which may grant these websites and applications access to the users' public Twitter profiles.

21.     If a Twitter user does not want to interact with another user on Twitter, the first user can "block" the second user from following his or her account.

22.     In some cases, Twitter users may communicate directly with Twitter about issues relating to their account, such as technical problems or complaints. Social-networking providers like Twitter typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. Twitter may also suspend a particular user for breaching Twitter's terms of service, during which time the Twitter user will be prevented from using Twitter's services.

23.     As explained herein, information stored in connection with a Twitter account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, a Twitter user's account information, IP log, stored electronic communications, and other data retained by Twitter, can indicate who has used or controlled the Twitter account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, communications, "tweets" (status updates) and "tweeted" photos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the Twitter account at a relevant time.  Further, Twitter account activity can show how and when the account was accessed or used.  For example, as described herein, Twitter logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of

7

Twitter access, use, and events relating to the crime under investigation.  Additionally, Twitter builds geo-location into some of its services.  If enabled by the user, physical location is automatically added to "tweeted" communications.  This geographic and timeline information may tend to either inculpate or exculpate the Twitter account owner.  Last, Twitter account activity may provide relevant insight into the Twitter account owner's state of mind as it relates to the offense under investigation.  For example, information on the Twitter account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a criminal plan) or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

24.     Therefore, the computers of Twitter are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of Twitter, such as account access information, transaction information, and other account information.

## Statutory Definitions

25.     "Child Pornography" includes the definition found at 18 U.S.C. § 2256(8), and is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

26.     As used in this Affidavit, "child erotica" means materials or items that are sexually arousing to certain individuals but that are not in and of themselves obscene or do not necessarily depict minors in sexually explicit poses or positions.  Such material may include non

sexually explicit photographs (such as minors depicted in undergarments in department store catalogs or advertising circulars), drawings, or sketches, written descriptions/stories, or journals.

27.     "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

28.     "Minor" means any person under the age of eighteen years.  See 18 U.S.C. § 2256(1).

29.     "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital genital, oral genital, genital-anal, or oral anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons.  See 18 U.S.C. § 2256(2).

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

30.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Twitter to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## PROBABLE CAUSE

31.     On May 27, 2020, the FBI Sacramento Field Office received a National Center for Missing and Exploited Children (NCMEC), CyberTipline Report, from the Sacramento County Sheriff's Office. Twitter submitted CyberTipline Report 66559321 concerning the possession and distribution of child pornography images by Twitter username Vst09361525.

9

32.     Twitter NCMEC report for User ID Vst09361525, provided the following account information:  ESP User ID 1242134010387525633, phone number (279) 201-1431 and a log of recent IP addresses.  IP addresses 67.174.35.178 was used to register Twitter account on 03/23/2020 at 17:00:16 UTC and additionally used for subsequent logins on 03/25/2020 at 23:48:11 UTC and 03/25/2020 at 23:47:59 UTC.  IP address 67.182.169.16 accessed on 03/26/2020 at 20:30:48 UTC and on 03/26/2020 at 20:33:00 UTC were used to login into the subject's Twitter account. IP addresses 67.174.35.178 and 67.182.169.16 were identified as belonging to Comcast communications.  An Administrative Subpoena was sent to Comcast for information associated with IP addresses.

33.     On June 4, 2020, Comcast provided subscriber information for the IP address 67.174.35.178 and 67.182.169.16.  The IP addresses were associated with the Subscriber Name "Paul Bailey," a subscriber address of 8507 Central Ave, Orangevale, Ca 95662, and the phone number (916) 406-3799.

34.     A subpoena was issued to Comcast for subscriber information on phone number (279) 201-4131. On June 22, 2020, Comcast provided the following subscriber information: Subscriber Name: Paul Bailey, Address: 8507 Central Ave, Orangevale, CA 95662, Bill-To Name: Joey Campbell, Start of Service: 12/13/2019 and Status: Active.

### Review of Images and Videos

35.     As part of my investigation, I received all of the above information and reviewed the NCMEC CyberTipline Report 66559321 regarding the suspected child pornography files that were uploaded to the Twitter account associated with IP address 67.174.35.178 and 67.182.169.16.  Based on my review of the files provided, the Twitter account contained 16

images depicting child pornography and erotica. Twitter reviewed and confirmed the images as child pornography prior to sending the report to NCMEC.

36.    On June 03, 2020, a preservation letter was sent to Twitter for User ID Vst09361525. On June 4, 2020, Twitter responded to the Preservation Letter with the following response: "We can confirm Twitter suspended and reported the account, @Vst09361525, to the National Center for Missing and Exploited Children (NCMEC). Along with our report, we provide a preservation .zip of the account to NCMEC."

37.    As part of my investigation, I received all of the above information and reviewed the NCMEC CyberTipline Report 66559321 regarding the suspected child pornography files that were uploaded to the Twitter account associated with IP address 67.174.35.178 and 67.182.169.16 and phone number phone number (279) 201-1431. Based on my review of the files provided, the Twitter account contained approximately 16 images depicting child pornography and erotica. The following are samples of the image files containing child pornography that were associated with this Twitter account and which I reviewed:

A.    Twitter File Name "5ntKj8s0"

Description of file: This is an image depicting a prepubescent girl appearing to be the age of a toddler. The toddler is sitting with her face towards the camera and there is a male penis in front of her with the head of the penis touching her lips. One of her hands is placed over the head of the penis while the other lies on top of a pink doll.

B.    Twitter File Name "IVZTQpv9"

Description of file: This is an image depicting a prepubescent girl who is lying down, face up, her legs open and her hands up.  She is wearing a tiger costume in the form of a dress with an artificial nose.  The dress is lifted up from the waist down and there is a male penis penetrating her small vagina.

11

C.     Twitter File Name "a9XwrfXl"

Description of file: This is an image depicting a prepubescent girl, fully naked standing in front of a brown table. The girl is holding on to the table, as a fully naked, male adult, stands behind her, appearing to be penetrating her from behind. The male has his hand pressed on the front of her hip while he pulls her hair back, tilting her head back.

## CONCLUSION

38.     Based on the forgoing, I request that the Court issue the proposed search warrant.

39.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

40.     The government will execute this warrant by serving the warrant on Twitter. Because the warrant will be served on Twitter, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR SEALING

41.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of

*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____

Orcina Pacheco-Garcia
Special Agent
Federal Bureau of Investigation

Sworn to me over the telephone and signed by me pursuant to Fed. R. Crim. P. 41(d)(3) on:

June 30, 2020 at 1:41 pm
_____

_Carolyn K. Delaney_____
The Honorable Carolyn K. Delaney
UNITED STATES MAGISTRATE JUDGE

/s/ ROGER YANG
_____
Approved as to form by AUSA ROGER YANG

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Twitter profile with username @Vst09361525 at https://twitter.com/Vst09361525 that is stored at premises owned, maintained, controlled, or operated by Twitter, a company headquartered in San Francisco, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Twitter**

To the extent that the information described in Attachment A is within the possession, custody, or control of Twitter, including any messages, records, files, logs, or information that have been deleted but are still available to Twitter, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Twitter is required to disclose the following information to the government for each account listed in Attachment A:

a.      All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, and other personal identifiers;

b.      All past and current usernames, account passwords, and names associated with the account;

c.      The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.      All IP logs and other documents showing the IP address, date, and time of each login to the account;

e.      All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

f.      All "Tweets" and Direct Messages sent, received, "favorited," or retweeted by the account, and all photographs or images included in those Tweets and Direct Messages;

g.      All information from the "Connect" tab for the account, including all lists of Twitter users who have favorited or retweeted Tweets posted by the account, as well as a list of all Tweets that include the username associated with the account (*i.e.*, "mentions" or "replies");

h.      All photographs and images in the user gallery for the account;

i.      All location data associated with the account, including all information collected by the "Tweet With Location" service;

j.      All information about the account's use of Twitter's link service, including all

longer website links that were shortened by the service, all resulting shortened links, and all information about the number of times that a link posted by the account was clicked;

k.     All data and information that has been deleted by the user;

l.     A list of all of the people that the user follows on Twitter and all people who are following the user (*i.e.*, the user's "following" list and "followers" list);

m.     A list of all users that the account has "unfollowed" or blocked;

n.     All "lists" created by the account;

o.     All information on the "Who to Follow" list for the account;

p.     All privacy and account settings;

q.     All records of Twitter searches performed by the account, including all past searches saved by the account;

r.     All information about connections between the account and third-party websites and applications;

s.     All records pertaining to communications between Twitter and any person regarding the user or the user's Twitter account, including contacts with support services, and all records of actions taken, including suspensions of the account.

Twitter is hereby ordered to disclose the above information to the government within <u>14 days</u> of issuance of this warrant.

## II.     **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of (i) Title 18, United States Code, Sections 2252(a)(2) and 2252A(a)(1)&(2) (Distribution of Child Pornography); (ii) Title 18, United States Code, Section 2252(a)(4)(B) (Possession of Child Pornography); and (iii) Title 18, United States Code, Sections 2252(a)(2)  (Receipt of Child Pornography and Attempted Receipt of Child Pornography) involving Vst09361525 since 03/23/2020, including, for each user ID identified on

2

Attachment A, information pertaining to the following matters:

      a.   Evidence of a sexual interest in minors;

      b.   Sexually explicit communications and/or chats with, and receipt of sexually explicit images/videos from minors;

      c.   Evidence indicating how and when the Twitter account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Twitter account owner;

      d.   Evidence indicating the Twitter account owner's state of mind as it relates to the crime under investigation;

      e.   The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

      f.   The identity of the person(s) who communicated with the user ID about matters relating to, sexually explicit communications and/or chats with, and receipt of sexually explicit images/videos from minors including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

3

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| In the Matter of the Search of | ) | |
|---|---|---|
| | ) | |
| INFORMATION ASSOCIATED WITH TWITTER ACCOUNT VST09361525 THAT IS STORED AT PREMISES CONTROLLED BY TWITTER | ) ) ) ) | Case No.  2:20-sw-0590 CKD |

**SEALED**

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ July 14, 2020 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _____ June 30, 2020 at 1:41 pm _____          _Carolyn K. Delaney_
                                                                                      *Judge's signature*

City and state:   _____ Sacramento, California _____          Carolyn K. Delaney, U.S. Magistrate Judge
                                                                                      *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

   I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

   Subscribed, sworn to, and returned before me this date.

_____          _____
                   Signature of Judge                                                Date

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Twitter profile with username @Vst09361525 at https://twitter.com/Vst09361525 that is stored at premises owned, maintained, controlled, or operated by Twitter, a company headquartered in San Francisco, California.

## ATTACHMENT B

### Particular Things to be Seized

I.     **Information to be disclosed by Twitter**

To the extent that the information described in Attachment A is within the possession,

custody, or control of Twitter, including any messages, records, files, logs, or information that

have been deleted but are still available to Twitter, or have been preserved pursuant to a request

made under 18 U.S.C. § 2703(f), Twitter is required to disclose the following information to the

government for each account listed in Attachment A:

a.     All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, and other personal identifiers;

b.     All past and current usernames, account passwords, and names associated with the account;

c.     The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.     All IP logs and other documents showing the IP address, date, and time of each login to the account;

e.     All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

f.     All "Tweets" and Direct Messages sent, received, "favorited," or retweeted by the account, and all photographs or images included in those Tweets and Direct Messages;

g.     All information from the "Connect" tab for the account, including all lists of Twitter users who have favorited or retweeted Tweets posted by the account, as well as a list of all Tweets that include the username associated with the account (*i.e.*, "mentions" or "replies");

h.     All photographs and images in the user gallery for the account;

i.     All location data associated with the account, including all information collected by the "Tweet With Location" service;

j.     All information about the account's use of Twitter's link service, including all

longer website links that were shortened by the service, all resulting shortened links, and all information about the number of times that a link posted by the account was clicked;

k.   All data and information that has been deleted by the user;

l.   A list of all of the people that the user follows on Twitter and all people who are following the user (*i.e.*, the user's "following" list and "followers" list);

m.   A list of all users that the account has "unfollowed" or blocked;

n.   All "lists" created by the account;

o.   All information on the "Who to Follow" list for the account;

p.   All privacy and account settings;

q.   All records of Twitter searches performed by the account, including all past searches saved by the account;

r.   All information about connections between the account and third-party websites and applications;

s.   All records pertaining to communications between Twitter and any person regarding the user or the user's Twitter account, including contacts with support services, and all records of actions taken, including suspensions of the account.

Twitter is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II.   Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence, and

instrumentalities of violations of (i) Title 18, United States Code, Sections 2252(a)(2) and

2252A(a)(1)&(2) (Distribution of Child Pornography); (ii) Title 18, United States Code, Section

2252(a)(4)(B) (Possession of Child Pornography); and (iii) Title 18, United States Code,

Sections 2252(a)(2)  (Receipt of Child Pornography and Attempted Receipt of Child

Pornography) involving Vst09361525 since 03/23/2020, including, for each user ID identified on

2

Attachment A, information pertaining to the following matters:

        a.  Evidence of a sexual interest in minors;

        b.  Sexually explicit communications and/or chats with, and receipt of sexually explicit images/videos from minors;

        c.  Evidence indicating how and when the Twitter account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Twitter account owner;

        d.  Evidence indicating the Twitter account owner's state of mind as it relates to the crime under investigation;

        e.  The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

        f.  The identity of the person(s) who communicated with the user ID about matters relating to, sexually explicit communications and/or chats with, and receipt of sexually explicit images/videos from minors including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.